# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PASCHALL L. SANDERS, III,

    Petitioner,

    v.                                                   Case No. 08C0204

BYRAN BARTOW,

    Respondent.

## ORDER

    Petitioner Paschall L. Sanders, confined at the Wisconsin Resource Center and proceeding pro se, has filed an application for a writ of habeas corpus alleging that his parole revocation was unlawful. Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). The present petitioner, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

    Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Nietzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because the statutory filing fee for an application for a writ of habeas corpus is only $5, however, a petitioner will rarely have insufficient income or assets to pay the fee.

    Petitioner has filed the required affidavit of indigence. Upon review of that affidavit,

the court is satisfied that petitioner is unable to pay the $5 filing fee. Petitioner receives only $30.00 a month in income which he must use to purchase his personal care items. Thus, I will grant petitioner's motion to proceed in forma pauperis.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must also give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Although the petition is far from clear, I discern two distinct categories of claims. First, petitioner alleges that the revocation was based on factually inaccurate information. Second, he alleges that he was not allowed to confront the witnesses used against him in the revocation proceedings. These allegations implicate at least colorable constitutional issues. See United States v. Mannino, 212 F.3d 835, 846 (3d Cir. 2000) (stating that a petitioner's due process rights are implicated if a sentence was imposed based on legal or factual error); Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972) (setting forth minimum due process requirements for parole revocation proceedings, including in most situations the right to confront adverse witnesses). And from examining the petition I cannot say that petitioner did not exhaust the available state remedies. Therefore, I will not dismiss the petition at this time.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order

2

respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the

3

address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Byran Bartow and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 2 day of April, 2008.

                                                 /s\
                                                 LYNN ADELMAN\
                                                 District Judge