# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PASCHALL L. SANDERS III,
                Petitioner,

    v.                                                                                    Case No. 08C0204

BYRAN BARTOW,
                Respondent.

## DECISION AND ORDER

Pro se petitioner Paschall L. Sanders III seeks a writ of habeas corpus[1] pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole by the State of Wisconsin. Petitioner contends that he was denied due process. The facts that led to the revocation are as follows: Petitioner was convicted of rape and sexual perversion in a Wisconsin court and sentenced to twenty-five years in prison. In 1986, he was released on parole. Subsequently, petitioner was convicted of sexual assault of a minor and other offenses, and on August 26, 1993, his parole was revoked. A state administrative law judge ("ALJ") ordered him to serve the remainder of his original sentence, and a Wisconsin circuit court imposed a consecutive sentence of ten years imprisonment on the sexual assault conviction. Petitioner appealed the revocation, and on September 14, 1993, the Administrator of the Division of Hearings and Appeals affirmed the decision.

---

[1] Petitioner has filed several motions in this case. The motion to waive copy requirements is granted without further discussion. The motion to incorporate, which asks me to obtain the "full appeal records" from eight different cases, is denied; I have all the information I need to decide this case in the record before me. The motion for counsel is also denied; after reviewing the facts in this case, I conclude that the presence of counsel would not make a difference in the outcome of the case. See Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir.2007). The issues are straightforward and uncomplicated.

Some twelve years later, in May 2005, petitioner asked the Administrator to reconsider. The Administrator denied the request on several grounds, including the untimeliness of petitioner's request. Petitioner sought review of the denial by petitioning the circuit court for a writ of certiorari. The circuit court denied petitioner's application, and the state court of appeals affirmed, stating:

> We agree that Sanders' challenge to the revocation proceeding was extremely untimely. At the time that Sanders' parole was revoked, a petition for certiorari review of the decision had to be brought within six months. See State ex rel. Reddin v. Galster, 215 Wis.2d 179, 181, 572 N.W.2d 505 (Ct. App. 1997). He brought the petition in the underlying appeal more than twelve years after the revocation decision was made. This is simply too late.

(Answer to Pet. Ex. F at 4.) The state supreme court denied review. Petitioner then filed the present habeas petition.

Respondent contends that petitioner is not entitled to federal review of the merits of his claim that his parole was unlawfully revoked because he failed to timely present such claim to the Wisconsin courts and therefore procedurally defaulted it. I agree. In order to obtain review of the merits of a claim, a federal habeas petitioner must present the merits of the claim to the state courts. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). In the present case, petitioner failed to do so. This is so because petitioner did not timely seek review of his revocation in the state courts. Under state law, petitioner had six months from the date of the revocation to seek such review. However, petitioner waited twelve years. The state court of appeals, like the circuit court, concluded that petitioner's attempt to obtain review was untimely. Thus, petitioner did not give the Wisconsin courts an opportunity to address the merits of his claim. They resolved the case on an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 729-32 (1991) (stating that a

2

petitioner who fails to meet a state's procedural requirements for presenting federal claims has deprived the state courts of an opportunity to address those claims, and the procedural default presents an independent and adequate state ground for dismissing his claims). Therefore, petitioner procedurally defaulted his federal claim.

Petitioner argues that his appeal should be considered timely because he has appealed the revocation of his parole numerous times in the past, beginning in 1994. While this may be true, the fact remains that he failed to file a certiorari petition within six months of his revocation. Petitioner does not establish cause and prejudice, see Crockett v. Hulick, 542 F.3d 1183, 1193 (7th Cir. 2008), nor does he provide any valid reason for his failure to file within the required time limits. Lack of knowledge of the law is no excuse, and therefore, petitioner's argument fails. Additionally, petitioner has not established that the failure to consider his claims would result in a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner does not claim innocence, but rather that there was confusion as to the date of the offense for which petitioner was convicted. Nor has that conviction, which was one of the bases for petitioner's revocation, been overturned. Additionally, the revocation itself was based not only on the conviction itself, but also on reasons independent of the conviction.

**IT IS THEREFORE ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 10 day of March, 2009.

/s_____
LYNN ADELMAN
District Judge